UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| YANCY LAMARR WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-00018-NCC |
| | ) | |
| DAN REDINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on various motions filed by petitioner Yancy Lamarr White. First, petitioner seeks leave to commence his 28 U.S.C. § 2254 action without payment of the filing fee. (Docket No. 2). Having reviewed the motion to proceed in forma pauperis, along with the financial information provided in support, the Court finds that the motion should be granted. *See* 28 U.S.C. § 1915(a)(1).

Second, petitioner seeks leave to file a memorandum in support of his § 2254 petition. (Docket No. 4). In the motion, petitioner states that based on the directions contained in the form petition, he did not include case law or argument. Nevertheless, he requests the opportunity to present such material to the Court. The Court finds that the motion should be granted.

Third, petitioner has filed a motion to appoint counsel. (Docket No. 5). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent [litigant] has stated a non-frivolous claim…and where the nature of the litigation is such that [the litigant] as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When

determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Finally, petitioner has filed a motion for an evidentiary hearing. (Docket No. 6). The Court will deny the motion at this time, as respondent has not yet had the opportunity to respond to the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a memorandum in support of his 28 U.S.C. § 2254 petition (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 5) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (Docket No. 6) is **DENIED** at this time.

Dated this 8th day of April, 2020.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE